**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TRACI STEVENSON,
Trustee for the Bankruptcy Estate
of Karolyn Hughs,                                        Case No.:

     Plaintiff,

v.

CACH, LLC,
a foreign limited liability company,

     Defendant.
_____/

**VERIFIED COMPLAINT**

**COMES NOW**, Plaintiff, TRACI STEVENSON (hereinafter, "Plaintiff") Trustee for the

Bankruptcy Estate of Karolyn Hughs (hereinafter, "Debtor"), by and through the undersigned

counsel, and hereby sues Defendant, CACH, LLC (hereinafter, "Defendant").  In support thereof,

Plaintiff states:

**INTRODUCTION AND PRELIMINARY STATEMENT**

This is an action for damages brought by an individual consumer for Defendant's violations

of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the

"FCCPA"), the Fair Debt Collection Practices Act, 15 United States Code, Section 1692 *et seq*.

(hereinafter, the "FDCPA"), and the Telephone Consumer Protection Act, 47 United States Code,

Section 227 (hereinafter, the "TCPA").

**JURISDICTION AND VENUE**

1.    Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 15

United States Code, Section 1692k(d), 28 United States Code, Section 1337, and supplemental

jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.

2.     Venue in this District is proper because Defendant transacts business in this District, and the conduct complained of occurred in this District.

3.     At all material times herein, the conduct of Defendant, complained of below, occurs in Sarasota County, Florida.

4.     At all material times herein, the Debtor is an individual residing in Sarasota County, Florida.

5.     At all material times herein, Defendant is a foreign limited liability company existing under the laws of the state of Colorado with its principal place of business located at 6801 S. Cimarron Road, Suite 424-H, Las Vegas, NV 89113.

## FDCPA AND FCCPA STATUTORY STRUCTURE

6.     The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy.  15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

7.     The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector—who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts.  15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

8.     Specifically, the FDCPA and FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*."  15 U.S.C. § 1692(a)(2);

2

Fla. Stat. § 559.55(2) (emphasis added).

9.      For example, the FDCPA and FCCPA each prohibit a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a consumer debt, and prohibits a person from knowingly asserting a legal right that does not exist.   *See* 15 U.S.C. §§ 1692(d) and Fla. Stat. §§ 559.72(7) and (9).

10.     Also, the FDCPA prohibits a debt collector from using false, deceptive, or misleading representations or means in connection with the collection of any consumer debt, prohibits a debt collector from using unfair or unconscionable means to collect a consumer debt, and prohibits a debt collector from collecting any unauthorized amount from a consumer debtor. *See* 15 U.S.C.  §§ 1692e-e(10) and 1692f-f(1).

## TCPA STATUTORY STRUCTURE

11.     Congress enacted the TCPA in an effort to restrict pervasive use of automated or prerecorded telephone calls that invade consumers' personal privacy.  Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1), (5), and (10).

12.     Congress intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id*. at §§ (5) and (12).

13.     Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automatic telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater.  47 U.S.C. § 227(b)(3)(B).

14.     Additionally, under the TCPA, the court may increase the damage award up to three (3) times, or up to $1,500.00, for each willful or knowing violation of the TCPA.  *Id* at §

227(b)(3)(C).

## **GENERAL ALLEGATIONS**

15.     At all material times herein, Defendant is a "debt collector" as defined by the FCCPA, Section 559.55(8) and by the FDCPA, Section 1692a(6).

16.     At all material times herein, Debtor is a "debtor" or "consumer" as defined by the FCCPA, Section 559.55(8) and the FDCPA, Section 1692a(3).

17.     At all material times herein, Defendant attempts to collect a debt, specifically a balance due resulting from a judgment entered against Debtor for a delinquent consumer debt originally owed to WAMU/Providian Bank, identified by case number 2009-CC-005341 (hereinafter, the "Debt").

18.     At all material times herein, the Debt is a consumer debt, resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

19.     At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72.  *See* Fla. Stat. §§ 559.55(5), (7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

20.     At all material times herein, Defendant's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

21.     At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

22.     All necessary conditions precedent to the filing of this action occurred or Defendant waived or excused the same.

## **FACTUAL ALLEGATIONS**

4

23.     Defendant made telephone calls, as more specifically alleged below, to Debtor's cellular telephone number 941-XXX-6158 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

24.     Debtor is the possessor, controller, and regular user of a Cellular Telephone with assigned telephone number 941-XXX-6158.

25.     At no time herein did Defendant possess Debtor's prior express consent to call Debtor's Cellular Telephones using an ATDS, a PTDS, or an APV.

26.     Further, if Defendant contends it did possess such consent at one point in time, Debtor nonetheless repeatedly revoked any alleged prior existing consent the moment Debtor demanded that Defendant cease calling Debtor's Cellular Telephone.

27.     Additionally, if Defendant contends the below-referenced phone calls were made for "informational purposes only," Defendant nevertheless lacked the required prior express written consent necessary to place such informational calls to Debtor's Cellular Telephone using an ATDS, a PTDS, or an APV.

28.     Prior to June 2008, Debtor entered into a credit card agreement with WAMU/Providian Bank and incurred charges on such credit card, creating the Debt.

29.     On or about June 10, 2008, Debtor last made payment on the Debt.

30.     On or about July 10, 2008, the Debt entered default status.

31.     On or about October 28, 2008, WAMU/Providian Bank sold, assigned, or otherwise transferred legal ownership of the Debt to Defendant.

32.     Defendant obtained the Debt after the Debt originally entered default status.

33.     On or about August 13, 2009, Defendant filed a debt collection lawsuit against Debtor in the County Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida,

identified by case number 2009-CC-005341 (hereinafter, "Collection Lawsuit").  Please see attached a true and correct copy of the court docket from the Collection Lawsuit labeled as Exhibit "A."

34.     On or about January 13, 2011, Defendant obtained a judgment in the Collection Lawsuit against Debtor in the amount of $7,820.35 bearing interest at a rate of six percent (6%) annually.  Please see attached a true and correct copy of said judgment entered in the Collection Lawsuit labeled as Exhibit "B."

35.     On or about June 3, 2011, Defendant filed a *Motion for Continuing Writ of Garnishment* in the Collection Lawsuit seeking to garnish Debtor's wages.

36.     On or about July 14, 2011, Debtor filed her *Claim of Exemption – Garnishment – And Request for Hearing*, asserting that she was exempt from garnishment as Plaintiff provided more than one-half of the support for a child or other dependent and had net earning of $750.00 or less per week (hereinafter, "Claim of Exemption").  Please see attached a true and correct copy of said Claim of Exemption labeled as Exhibit "C."

37.     On or about July 29, 2011, the Sarasota County Court entered an order in the Collection Lawsuit granting Plaintiff's Claim of Exemption, which stated "The Continuing Writ of Garnishment Against Salary or Wages previously entered herein shall be and is hereby DISSOLVED" (hereinafter, "Order Granting Claim of Exemption").  Please see attached a true and correct copy of said Order Granting Claim of Exemption labeled as Exhibit "D."

38.     As such, Defendant did not, and has not, received payment from Debtor on the Debt since 2008.

39.     On or about November 8, 2011, Debtor filed a notice in the Collection Lawsuit confirming that she returned a completed Fact Information Sheet to Defendant.  Please see attached a true and correct copy of said notice labeled as Exhibit "E."

40.     The Fact Information Sheet provided detailed personal information regarding Debtor, Debtor's assets, and Debtor's contact information.

41.     On or about January 22, 2012, Defendant filed a *Notice of Compliance with Regards to the Fact Information Sheet* confirming that Defendant received Debtor's Fact Information Sheet on or about December 23, 2011.  Please see attached a true and correct copy of said notice labeled as Exhibit "F."

42.     Between January 2011 and June 2018, Defendant repeatedly made calls to Debtor's Cellular Telephone using an ATDS, PTDS, or APV.

43.     Defendant made the immediately-aforementioned calls in an attempt to collect the Debt.

44.     Defendant made the immediately-aforementioned calls in an attempt to obtain payment from Debtor on the Debt as the Order Granting Claim of Exemption prohibited Defendant from garnishing Debtor's wages in an attempt to collect the Debt.

45.     Between January 2011 and June 2018, Debtor answered several of Defendant's calls and repeatedly requested that Defendant stop calling her Cellular Telephone.

46.     Additionally, during at least one call, Defendant's employee or representative taunted Debtor by stating that Debtor was a "deadbeat" for failing to pay the Debt.

47.     Moreover, between June 2016 and June 2018, Defendant repeatedly made calls to Debtor's mother and Debtor's sister in an attempt to collect the Debt.

48.     During at least one of the immediately-aforementioned calls, Defendant requested payment from Debtor's mother to satisfy the Debt.

49.     Debtor's mother is not a co-obligor with respect to the Debt, and Defendant has not obtained a judgment against Debtor's mother with regarding the Debt.

50.     After Debtor learned that Defendant called Debtor's mother and sister in an attempt

7

to indirectly collect the Debt, Debtor answered one of Defendant's above-referenced calls made to Debtor's Cellular Telephone and requested that Defendant cease calling Debtor's family members to request payment on the Debt.

51.     On or about June 25, 2018, Debtor filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, identified by case number 8:18-bk-05227, and Debtor listed CACH as an unsecured creditor regarding the Debt in her bankruptcy petition schedules.

52.     On or about June 25, 2018, Debtor filed a *Suggestion of Bankruptcy* in the Collection Lawsuit.  Please see attached a true and correct copy of the *Suggestion of Bankruptcy* labeled as Exhibit "G."

53.     As a direct result of Defendant's actions, Debtor suffered emotional distress, anxiety, inconvenience, frustration, annoyance and confusion, believing that the Order Granting Claim of Exemption entered in the Collection Lawsuit as well as Debtor repeatedly requesting that Defendant cease calling Debtor regarding the Debt and cease calling Debtor's family members requesting payment on the Debt was wholly ineffective, and that the frequent, repeated Debt collection attempts regarding would simply have to be endured unless and until Debtor made payment on a Debt she could not afford.

54.     It is Defendant's corporate policy to use an ATDS, a PTDS, or an APV when attempting to collect consumer debts, including the Debt (hereinafter, "Corporate Policy").

55.     Defendant employed its Corporate Policy of using an ATDS, a PTDS, or an APV when Defendant made the calls to Debtor's Cellular Telephone in this case.

56.     Defendant made the calls to Debtor's Cellular Telephone with no effective way for Debtor to remove her Cellular Telephone number from Defendant's telephone dialing system.

57.     Defendant made calls, or caused calls to be made, to Debtor with no effective way

8

for Defendant to remove the telephone number from Defendant's telephone dialing system.

58.     Defendant's Corporate Policy provides no effective way for a consumer to effectively revoke any prior existing consent to be called by an ATDS, PTDS, or APV to make Defendant cease calling Cellular Telephone.

59.     Defendant's Corporate Policy and procedures are structured as to continue to call individuals like Debtor using an ATDS, a PTDS, or an APV, regardless of how many times said individuals and request cease calling a cellular telephone regarding a debt owed to Defendant.

60.     Upon information and belief, Defendant engaged in a pattern and practice of unlawful debt collection and invasion of privacy, repeatedly and willfully calling consumers' cellular telephones in an attempt to collect debts, using an ATDS, a PTDS, or an APV despite lacking consumers' prior express consent to do so.

61.     Defendant willfully, knowingly and repeatedly undertakes these practices to increase revenue and profitability at the direct expense of consumers' livelihoods and privacy.

62.     Debtor has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics (as done above) on each call Defendant made to Debtor.  Debtor asserts, however, that the above-referenced calls are but a sub-set of the calls made in violation of the FCCPA, FDCPA, and TCPA. Further, Defendant is in the best position to determine and ascertain the number and methodology of calls made to Debtor.

63.     Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

64.     Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, declaratory and injunctive relief, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

65.     United States Code, Title 15, Section 1692k provides for the award of up to $1,000.00 statutory damages, actual damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

66.     United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made, directly or indirectly, using any automatic telephone dialing system or an artificial or pre-recorded voice to Debtor's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

67.     Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made, directly or indirectly, using any automatic telephone dialing system or an artificial or prerecorded voice to Debtor's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

68.     As of the date of this complaint, Debtor's personal obligation with respect to the Debt owed to Defendant has been discharged through Debtor's voluntary chapter 7 bankruptcy case and Debtor is no longer personally liable with respect to the Debt.

### COUNT ONE:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORDA STATUTES, SECTION 559.72(7)

Plaintiff re-alleges paragraphs one (1) through sixty-eight (68) as if fully restated herein and further states as follows:

69.     Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Debtor through means which can reasonably be expected to abuse or harass Debtor.

70.     Specifically, as a result of the Order Granting Claim of Exemption entered in the Collection Lawsuit, Defendant could not lawfully garnish Debtor's wages in satisfaction of the Debt.

71.     Despite Debtor's numerous requests that Defendant cease calling her regarding the Debt, Defendant repeatedly made calls to Debtor's Cellular Telephone using an ATDS, PTDS, or APV between January 2011 and June 2018.

72.     Moreover, on at least one occasion, Defendant's employee or representative taunted Debtor by telling Debtor that she was a "deadbeat" for failing to pay the Debt.

73.     Additionally, despite Debtor completing and returning the Fact Information Sheet to Defendant—providing Defendant with detailed personal information regarding Debtor including contact information—and despite Debtor's numerous requests that Defendant cease calling Debtor's family members regarding the Debt, Defendant repeatedly called Debtor's family members and even requested payment from Debtor's mother to satisfy the Debt.

74.     Defendant's conduct served no purpose other than to annoy and harass Debtor into paying the Debt as Defendant *knew* it could not lawfully garnish Debtor wages to satisfy the Debt, *knew* that Debtor repeatedly requested that Defendant stop calling Debtor and Debtor's family members requesting payment on the Debt, and already *knew* Debtor's personal information including contact information from the Fact Information Sheet.  Still, Defendant refused to cease engaging in its unlawful debt collection conduct in an attempt to wrench payment from Debtor or her family members to satisfy the Debt, including mocking Debtor by calling her a "deadbeat" for failing to pay the Debt.

75.     Further, Defendant had Debtor's correct contact information, making Defendant's attempts to contact Debtor through her family members to indirectly collect the Debt undertaken for no other purpose than to harass, abuse and embarrass Debtor.

76.     Defendant's willful, flagrant and vulgar violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

77.     As a direct and proximate result of Defendant's actions, Debtor sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
### FAIR DEBT COLLECTION PRACTICES ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1692c(b)

Plaintiff re-alleges paragraphs one (1) through sixty-eight (68) as if fully restated herein and further states as follows:

78.     Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1692c(b) by communicating, in connection with the collection of the Debt, with any person other than Debtor, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Debtor.

79.     More specifically, Defendant has Debtor's correct contact information.

80.     Despite possessing Debtor's correct contact information and actually contacting Debtor, Defendant made calls to Debtor's family members in an indirect attempt to collect the Debt.

81.     In making such calls, Defendant conveyed information to Debtor's family members, the purpose of which was to get Debtor to return the Defendant's correspondence to pay the Debt.

82.     As a direct and proximate result of Defendant's actions, Debtor sustained damages as defined by 15 United States Code, Section 1692k.

## COUNT THREE:
### FAIR DEBT COLLECTION PRACTICES ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1692d

Plaintiff re-alleges paragraphs one (1) through sixty-eight (68) as if fully restated herein and further states as follows:

83.     Defendant is subject to, and violated the provisions of 15 United States Code,

Section 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Debtor in connection with the collection of the Debt.

84. Specifically, as a result of the Order Granting Claim of Exemption entered in the Collection Lawsuit, Defendant could not lawfully garnish Debtor's wages in satisfaction of the Debt.

85. Despite Debtor's numerous requests that Defendant cease calling her regarding the Debt, Defendant repeatedly made calls to Debtor's Cellular Telephone using an ATDS, PTDS, or APV between January 2011 and June 2018.

86. Moreover, on at least one occasion, Defendant's employee or representative taunted Debtor by telling Debtor that she was a "deadbeat" for failing to pay the Debt.

87. Additionally, despite Debtor completing and returning the Fact Information Sheet to Defendant—providing Defendant with detailed personal information regarding Debtor including contact information—and despite Debtor's numerous requests that Defendant cease calling Debtor's family in connection with its attempts to collect the Debt, Defendant repeatedly called Debtor's family members and even requested payment from Debtor's mother to satisfy the Debt.

88. Defendant's conduct served no purpose other than to harass, oppress, or abuse Debtor into paying the Debt as Defendant *knew* it could not lawfully garnish Debtor wages to satisfy the Debt, *knew* that Debtor repeatedly requested that Defendant stop calling Debtor and Debtor's family members requesting payment on the Debt, and already *knew* Debtor's personal information—including her contact information—from the Fact Information Sheet. Still, Defendant refused to cease engaging in its unlawful debt collection conduct, attempting to wrench payment from Debtor or her family members to satisfy the Debt, including mocking Debtor by calling her a "deadbeat" for failing to pay the Debt.

89.     As a direct and proximate result of Defendant's actions, Debtor sustained damages as defined by 15 United States Code, Section 1692k.

**COUNT FOUR:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692e, e(2)(A), and e(10)**

Plaintiff re-alleges paragraphs one (1) through sixty-eight (68) as if fully restated herein and further states as follows:

90.     Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1692e, e(2)(A), and e(10) by using false representations and deceptive means in attempting to collect the Debt.

91.     Specifically, as a result of the Order Granting Claim of Exemption entered in the Collection Lawsuit, Defendant could not lawfully garnish Debtor's wages in satisfaction of the Debt.

92.     Despite Debtor's numerous requests that Defendant cease calling her regarding the Debt, Defendant repeatedly made calls to Debtor's Cellular Telephone using an ATDS, PTDS, or APV between January 2011 and June 2018.

93.     Moreover, on at least one occasion, Defendant's employee or representative taunted Debtor by telling Debtor that she was a "deadbeat" for failing to pay the Debt.

94.     Additionally, despite Debtor completing and returning the Fact Information Sheet to Defendant—providing Defendant with detailed personal information regarding Debtor including contact information—and despite Debtor's numerous requests that Defendant cease calling Debtor's family regarding the Debt, Defendant repeatedly called Debtor's family members and even requested payment from Debtor's mother to satisfy the Debt.

95.     Defendant's above-referenced conduct attempts to deceive and mislead Debtor into believing that, despite Defendant filing the Collection Lawsuit against Debtor—yet subsequently

14

receiving the Order Granting Claim of Exemption which prohibited Defendant from garnishing Debtor's wages to satisfy the Debt—and despite Plaintiff completing and returning the Fact Information Sheet, Debtor must immediately make payment to Defendant on the Debt or continue to endure Defendants' unlawful collection attempts including attempts to circumvent Debtor and the Order Granting Claim of Exemption by demanding payment from Debtor and Debtor's family members.

96.     As a direct and proximate result of Defendant's actions, Debtor sustained damages as defined by 15 United States Code, Section 1692k.

**COUNT FIVE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1692f</u>**

Plaintiff re-alleges paragraphs one (1) through sixty-eight (68) as if fully restated herein and further states as follows:

97.     Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1692f by using unfair or unconscionable means in an attempt to collect the Debt.

98.     Specifically, as a result of the Order Granting Claim of Exemption entered in the Collection Lawsuit, Defendant could not lawfully garnish Debtor's wages in satisfaction of the Debt.

99.     Despite Debtor's numerous requests that Defendant cease calling her regarding the Debt, Defendant repeatedly made calls to Debtor's Cellular Telephone using an ATDS, PTDS, or APV between January 2011 and June 2018.

100.     Moreover, on at least one occasion, Defendant's employee or representative taunted Debtor by telling Debtor that she was a "deadbeat" for failing to pay the Debt.

101.     Additionally, despite Debtor completing and returning the Fact Information Sheet to Defendant—providing Defendant with detailed personal information regarding Debtor

15

including contact information—and despite Debtor's numerous requests that Defendant cease calling Debtor's family regarding the Debt, Defendant repeatedly called Debtor's family members and even requested payment from Debtor's mother to satisfy the Debt.

102.    Defendant's immediately-aforementioned communications unconscionably and unfairly attempted to coerce Debtor into paying the Debt—after Defendant knew that it could not lawfully garnish Debtor's wages in an attempt to collect the Debt—by repeatedly calling Debtor's Cellular Telephone after Debtor repeatedly requested that such calls stop, by taunting Debtor and calling her a "deadbeat," and by demanding payment from Debtor's family to satisfy the Debt.

103.    As a direct and proximate result of Defendant's actions, Debtor sustained damages as defined by 15 United States Code, Section 1692k.

## COUNT SIX:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through sixty-eight (68) as if fully restated herein and further states as follows:

104.    Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an ATDS, PTDS, or APV to make a call a telephone number assigned to a cellular telephone service without Debtor's prior express consent.

105.    At no time herein did Defendant possess Debtor's prior express consent to call Debtor's Cellular Telephone using an ATDS, a PTDS, and/or an APV.

106.    If Defendant contends it possessed such consent, Debtor revoked any such purported consent each time Debtor requested that Defendant cease calling Debtor regarding the Debt.

107.    Additionally, if Defendant contends the referenced phone calls were made for "informational purposes only," it nevertheless lacked the required prior express consent necessary

16

to place such informational calls to Debtor's Cellular Telephone using an ATDS, PTDS, or APV.

108.     Between January 2011 and June 2018, despite lacking Debtor's prior express consent, Defendant repeatedly made calls to Debtor's Cellular Telephone using an ATDS, PTDS, or APV.

109.     As a direct and proximate result of Defendant's conduct, Debtor suffered:

a.     The periodic loss of her Cellular Telephone service and the cost associated therewith;

b.     Lost material costs associated with the use of peak time minutes allotted under her Cellular Telephone service contract; and

c.     Stress, anxiety, invasion of privacy, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct against Debtor, Plaintiff respectfully requests an entry of:

a.     Judgment against Defendant declaring that Defendant violated the FCCPA;

b.     Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

c.     Judgment providing injunctive relief, prohibiting Defendant from further engaging in conduct that violates the FCCPA and the TCPA;

d.     Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

e.     Judgment against Defendant for treble damages in the amount of an additional $1,000.00 for each telephone call that violated the TCPA for which Defendant

acted knowingly and/or willfully;

   f.  Actual damages in an amount to be determined at trial;

   g.  Punitive damages in an amount to be determined at trial;

   h.  An award of attorneys' fees and costs; and

   i.  Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

       Respectfully submitted,

       LEAVENLAW

       /s/ *Kelly C. Burke*
       □ **Ian R. Leavengood, Esq., FBN 0010167**
       □ **Sean E. McEleney, Esq., FBN 0125561**
       **[X] Kelly C. Burke, Esq., FBN 123506**
       Northeast Professional Center
       3900 First Street North, Suite 100
       St. Petersburg, FL 33703
       Phone: (727) 327-3328
       Fax: (727) 327-3305
       consumerservice@leavenlaw.com
       smceleney@leavenlaw.com
       kburke@leavenlaw.com
       *Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ~~FLORIDA~~ *Maryland* )

                                                                              )

COUNTY OF *Baltimore* )

Debtor, KAROLYN HUGHS, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Debtor in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

4. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

5. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

Karolyn Hughs

Subscribed and sworn to before me
this 17 day of May, 2019.

Notary Public

My Commission Expires: 9/14/2022     Proof of I.D.: Driver's License

DAVID LAMKIN
Notary Public
Baltimore County
Maryland
My Commission Expires Sept. 14, 2022